UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-61793-AHS

CHET MICHAEL WILSON, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

VOZZCOM, INC.,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

Defendant, Vozzcom, Inc. ("Vozzcom"), by and through undersigned counsel, moves to dismiss the Class Action Complaint (D.E. 1) with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for six of the seven phone calls alleged to constitute violations of the Telephone Consumer Protection Act ("TCPA") in the Complaint.

## Factual Background

Plaintiff, Chet Michael Wilson, filed this one-count putative Class Action Complaint against Vozzcom alleging that it violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by using an artificial or prerecorded voice in calls placed to Wilson's cell phone number without his prior consent. (D.E. 1 ¶ 7). Vozzcom is a debt-collection company that collects consumer debts on behalf of Spectrum, a cable and internet service provider. Vozzcom itself does not advertise or sell any goods or services.

Wilson alleges that Vozzcom called his cell phone number at least seven times between September and November 2024 and that an artificial or prerecorded voice was used in connection

with the calls. *Id.* ¶¶ 11, 14. The Complaint alleges that the following prerecorded message was used for the calls that Wilson received:

> Hi, this is Vozzcom calling on behalf of Spectrum. Spectrum has assigned us as your personal account representative for your cable and internet services. Please give us a call at (866) 421-7809. We can help today.

*Id.* ¶ 15. Wilson further alleges that the calls were "intend[ed] to reach someone other than Plaintiff," *id.* ¶ 13, and that he does not and did not have an account with Vozzcom or do business with it, *id.* ¶¶ 19, 20. In a conclusory allegation unsupported by any facts, Wilson further alleges that he did not give Vozzcom consent to make the calls. *Id.* ¶ 22.

Based on these facts, the Complaint alleges one count of a TCPA violation based on the subsection that precludes the use of an artificial or prerecorded voice for non-emergency calls without consent:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> **(iii)** to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii) (2025). As discussed below, Wilson cannot satisfy the "no consent element" for six of the seven calls placed to his phone.

### Legal Standard

The pleading standard in Federal Rule of Civil Procedure 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ali v. RWS & Assocs. Entm't, Inc.*, 2024 WL 6886406, at *1 (S.D. Fla. May 24, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion

to dismiss." *Id.* (quoting *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012)).

"In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally 'limited to the four corners of the complaint.'" *Id.* (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). "The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "But '[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'" *Id.* (alteration in original) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).

## Argument

Wilson fails to state a claim for six of the seven TCPA violations alleged in the Complaint because the allegations demonstrate, as a matter of law, that he provided consent to Vozzcom to receive the calls placed on September 25, October 4, November 6, November 11, November 14, and November 20, 2024.[1]

The TCPA provision alleged in the Complaint prohibits a non-emergency call made using "an artificial or prerecorded voice" to a cell phone number, unless that call is made "with the prior express consent of the called party." *See* 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a claim for a violation of this provision of the TCPA, a plaintiff must establish that "(1) a call was made to a cell or wireless phone, (2) by the use of . . . an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350,

---

[1] Vozzcom does not concede that the first call alleged in the Complaint—made on September 19, 2024—was made without Wilson's prior express consent under the TCPA. At this stage of the proceedings, however, it is unclear how that initial call was made to Wilson. The same is not true of the subsequent calls, for which Wilson could have revoked consent at any time had he informed Vozzcom that he did not consent to receive those subsequent calls.

#3320665v1-992401.0020

1353–54 (S.D. Fla. 2018) (quoting *Witchard v. Allied Interstate, LLC*, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015)).

Regarding the consent element, for purposes of § 227(b)(1)(A)(iii) of the TCPA, written consent is not required; instead, common-law principles of consent govern the determination of whether the current subscriber of the cell phone number gave prior consent to be called. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251 (11th Cir. 2014) (agreeing with the Seventh Circuit that "consent must come from the current subscriber" under this subsection of the TCPA); *id.* at 1253 ("To fall within § 227(b)(1)(A)(iii)'s consent exception, [defendant] must demonstrate that it had the consent of [plaintiff], as defined by the common law, to call No. 8626."); *Lawrence v. Bayview Loan Servicing, LLC*, 666 F. App'x 875, 880 (11th Cir. 2016) ("As we previously decided in *Osorio*, Congress intended for the common law to illuminate the proper approach to determining the scope of consent under the TCPA.").

Under the common law, "consent is a willingness for certain conduct to occur." *Lucoff v. Navient Sols., LLC*, 981 F.3d 1299, 1304 (11th Cir. 2020) (quoting *Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1276 (11th Cir. 2017)). Importantly, "[e]ven if a person does not intend to consent, their 'words or conduct [that] are reasonably understood by another to be intended as consent . . . constitute apparent consent and are as effective as consent in fact.'" *Id.* (second alteration and omission in original) (quoting Restatement (Second) of Torts § 892(2)); *see also Lawrence*, 665 F. App'x at 880 (same). "[C]onsent is revoked 'when the actor knows or has reason to know that the other is no longer willing for him to continue the particular conduct.'" *Lucoff*, 981 F.3d at 1304 (quoting *Schweitzer*, 866 F.3d at 1278). Thus, a party's conduct—not only words—may form the basis of consent under the TCPA. *See Lucoff*, 981 F.3d at 1304; *Lawrence*, 665 F. App'x at 880; *Schweitzer*, 866 F.3d at 1278).

#3320665v1-992401.0020

Here, Wilson alleges that he received "at least" seven phone calls using a prerecorded or artificial voice. (D.E. 1 ¶¶ 11–12, 15). The *only* two factual allegations in the Complaint relating to consent are the bare-bones, conclusory assertions that Wilson "did not provide [Vozzcom] with consent to place calls," *id.* ¶ 22, and that Vozzcom violated the TCPA by placing calls "without consent," *id.* ¶ 59. These conclusory allegations—which are simply "legal conclusions masquerading as facts"—cannot withstand dismissal. *See Ali*, 2024 WL 6886406, at *1 (quoting *Jackson*, 372 F.3d at 1262). The Complaint simply tracks the statute's language without providing any facts demonstrating that Wilson actually did not consent to receiving the calls, and Wilson's conduct alleged in the Complaint demonstrates otherwise.

Based on the facts as pleaded, Wilson has failed to state a claim for a TCPA violation for the six calls he received after the first call (i.e., the calls made on September 25, October 4, November 6, November 11, November 14, and November 20, 2024), because Wilson failed to indicate by his words or conduct that he did not consent to the calls being placed. As the Eleventh Circuit has held, even if a person does not intend to consent to receiving calls using a prerecorded voice, his conduct may lead the caller to reasonably understand that consent has been given, and this apparent consent is "as effective as consent in fact" under § 227(b)(1)(A)(iii). *See Lucoff*, 981 F.3d at 1304; *Lawrence*, 666 F. App'x at 880. Accepting the Complaint's allegations as true, Wilson received "at least" seven calls from Vozzcom over a three-month span, without ever letting Vozzcom know that he did not consent to receiving the phone calls. *See* (D.E. 1 ¶¶ 11–12).

Although it is true that the "issue of consent is ordinarily a factual issue," *see Schweitzer*, 866 F.3d at 1280, as a matter of law, Wilson cannot state a claim for a TCPA violation as to the consent element where his conduct unequivocally demonstrates that he had no objection to receiving six of the seven calls placed to his cell phone. Indeed, the Complaint is devoid of any

5

allegations indicating that Wilson notified Vozzcom at any time after receiving the first call that he did not consent to receiving additional calls. *See Schweitzer*, 866 F.3d at 1279 ("[U]nder the common law[,] consent ends when the actor knows or has reason to know that the person is no longer willing to allow certain conduct."). Given these facts, even if Wilson did not *intend* to consent, Vozzcom reasonably understood Wilson's conduct as consent to receive six phone calls over a three-month period. *See Lucoff*, 981 F.3d at 1304; *Lawrence*, 666 F. App'x at 880.

Finally, the dismissal of six of the seven calls alleged in the Complaint should be with prejudice. Although leave to amend a complaint "shall be freely given when justice so requires" under Federal Rule of Civil Procedure 15(a), *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984), the court "may deny leave to amend on the basis of futility where the complaint, as amended, would still be subject to dismissal." *City of Hollywood Police Officers' Ret. Sys. v. Citrix Sys., Inc.*, 2023 WL 5972062, at *4 (S.D. Fla. Aug. 8, 2023) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Here, even if Wilson amends the Complaint, he cannot plead any additional facts surrounding consent that would indicate that he revoked his consent or did not give consent after receiving the first offending call. *See, e.g.*, *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) (holding that district court properly denied leave to amend on basis of futility where "nothing in the three purportedly new facts proffered by [plaintiff] . . . would create a strong inference of scienter where none existed before").Thus, amending the Complaint would be futile, and the dismissal should be with prejudice.

## CONCLUSION

For the reasons discussed above, Defendant, Vozzcom, Inc., respectfully requests that the Court dismiss the Class Action Complaint (D.E. 1) with prejudice for failure to state a claim as to

#3320665v1-992401.0020

the phone calls placed on September 25, October 4, November 6, November 11, November 14, and November 20, 2024, and award Defendant any other relief the Court deems just and proper.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
*Counsel for Defendant, Vozzcom, Inc.*
110 Southeast Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

*/s/ Paul O. Lopez*
**PAUL O. LOPEZ, ESQ.**
Florida Bar No. 983314
pol@trippscott.com
sxc@trippscott.com
**JENNIFER H. WAHBA, ESQ.**
Florida Bar No. 1010093
jmh@trippscott.com
stl@trippscott.com
**COREY D. COHEN, ESQ.**
Florida Bar No. 1024891
cdc@trippscott.com
mrw@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Paul O. Lopez*
Paul O. Lopez

7

#3320665v1-992401.0020